# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 12-cr-00269-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CIERRA HICKS,

        Defendant.

## DISCOVERY PROTECTIVE ORDER

**Blackburn, J.**

    This matter comes before the court on the government's **Unopposed Motion for Protective Order** [#14][1] filed September 11, 2012. The Court, having considered the motion and the apposite law, enters the following findings of fact.

    1.    The defendant, Cierra Hicks, is charged in a one-count Indictment with leaving the scene of an accident in which the defendant's vehicle was directly involved and which resulted in serious bodily injury to another person, in violation of 18 U.S.C. § 13 and Colorado Revised Statutes, §42-4-1601(1) and (2)(b).

    2.    The government has received various materials throughout the course of the investigation, including documents that contain medical information about one or more victims in this case.

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

3. In producing discovery to defense counsel, the government requests entry of a Protective Order, implementing the mechanisms stated below. For ease of identification, the government will provide corresponding Bates numbers to defense counsel.

4. The government has consulted with counsel for the defendant, who advised that he does not oppose the issuance of the Protective Order.

Based on the foregoing findings of fact, the court concludes that the motion should be granted and that the following protective order should be entered.

**THEREFORE, IT IS ORDERED** as follows:

1. That the government's **Unopposed Motion for Protective Order** [#14] filed September 11, 2012, is **GRANTED**;

2. That the government will provide Bates numbers of the documents containing medical information, as outlined above; provided that defense counsel shall keep the records and any notes or other materials prepared based upon or referring to information in those records in strict confidence, and defense counsel shall use them exclusively in connection with this case (including trial preparation, trial, appeals, or other related legal proceedings) and for no other purpose;

3. That the records may be viewed only by defendant, defense counsel, and such members of his staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel; provided, that defense counsel shall ensure all persons

in his office who are to handle such information read this Order and are informed of their responsibility to safeguard this information;

    4.  That defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case; provided, that defense counsel shall keep a written record concerning to whom those copies were delivered and shall deliver a copy of this Order with the materials, and no person other than defense counsel shall make any copy of these materials for any purpose whatsoever;

    5.  That copies of the records shall not, under any circumstances, be provided to the defendant without petition to and further order of the Court;

    6.  That Defendant may be allowed to view the documents, but only while in the direct presence of defense counsel or his confidential staff;

    7.  That a copy of this Order shall be kept with the records at all times;

    8.  That to the extent the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the privacy rules set forth at 45 C.F.R., Parts 160 and 164, or any other privacy right may be asserted as a basis for withholding these documents, or portions of these documents, the Court hereby authorizes the Department of Justice and its agents or representatives to produce the subject documents, because the information contained therein is relevant to the subject matter involved in the pending case, or appears reasonably calculated to lead to the discovery of admissible evidence, and that the need for disclosure of such documents outweighs concerns against disclosure so long as the protective measures contained within this Order are taken; and

9.  That at the conclusion of the case in this court, by entry of the court's judgment, defense counsel within ten days shall collect all such copies and return them to the government.

Dated September 12, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge