**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                         April 25, 2013

Courtroom Deputy:  Kathleen Finney
Court Reporter:        Tracy Weir
Probation Officer:     Justine Kozak

**Criminal Action No.  12-cr-00269-REB**

*Parties:*                                                          *Counsel:*

UNITED STATES OF AMERICA,                    Hayley Reynolds

   Plaintiff,

v.

1. CIERRA HICKS,                                         Robert Pepin

   Defendant.

**SENTENCING MINUTES**

**8:37 a.m.       Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense of conviction, focusing on "the real conduct" for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and its four (4) addenda;

- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: **Motion for Variant Sentence to Credit for Time Served Followed by 3 Years of Supervised Release** [#33] filed January 14, 2013, is **GRANTED IN PART, DENIED IN PART**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 1 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twelve (12) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which she is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of **$100.00**;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That this court recommends that the Bureau of Prisons designate the defendant to the Federal Prison Camp in Bryan, Texas; and

12. That the defendant is remanded to the custody of the United States Marshal.

The defendant is advised of the right to appeal the sentence(s) imposed by the court.

**9:28 a.m.    Court in recess.**

Total time in court:   00:51.

Hearing concluded.